**In re Dowdrick**

*Elkin A. Tolliver,* for petitioner.

SHEELY, *J.*, February 2, 1978—On November 29, 1977, Ivan Eugene Dowdrick, a male individual, divorced and the father of two children (none of whom reside with petitioner), filed a petition with the court to change his name to Mary Ellen Dowdrick, pursuant to the provisions of the Act of April 18, 1923, P.L. 75, as amended, 54 P.S. §1 et seq. A hearing was held before the court on January 18, 1978. Testifying at the hearing was petitioner, Ivan Eugene Dowdrick, and the Reverend John Paul Weyman, who appeared in opposition to the granting of the change of name.

At the hearing, the proper advertisements and searches as required by the act were presented and accepted by the court. Section 3 of the act provides, in part, as follows:

"At the hearing of said petition, any person having lawful objection to the change of name may appear and be heard. If the court be satisfied after said hearing that there is no lawful objection to the granting of the prayer of said petition, a decree may be entered by said court changing the name as prayed for."

Petitioner testified at the hearing that he had been married for 15½ years and is the father of two children, one a son 20 years of age and a daughter 14 years of age, the daughter residing with her mother in an adjoining county. Petitioner was divorced in 1966. He is paying support for the daughter through a private arrangement with his former spouse. He stated that he has lived and dressed exclusively as a woman since October 1977, with the exception of his present employment where he said he must work in male attire until such time as his name will be legally changed by the court. He

has already opened a checking account in the name of Mary Ellen Dowdrick and presented cards indicating he has accounts with Master Charge, Sears Roebuck and Co., Montgomery Ward, Blue Cross and Blue Shield in the name of Mary Ellen Dowdrick.

He further testified that he is undergoing psychiatric counselling with Dr. Russell Reid, Johns Hopkins Hospital, Baltimore, Maryland, and plans sexual reassignment surgery in October 1978, at the Johns Hopkins Hospital. He testified that over a two-year period he has been taking hormone injections to assist in the transition from a male to a female. He appeared in court completely dressed in female attire.

Reverend John Paul Weyman appeared and testified, without objection, in opposition to the prayer of the petition. However, since it would appear that his opposition was not "lawful opposition" as defined by the courts, his testimony has not been considered by the court in its decision.

In construing the term "lawful objection," the court in Bitle's Petition, 54 D. & C. 329 (1945), said the term "refers" to change of name effected for fraudulent purpose for "avoiding payment of taxes or debt." From the evidence presented in this case, it is obvious that this issue is not present.

The Supreme Court of Pennsylvania in Falcucci Name Case, 355 Pa. 588, 50 A. 2d 200 (1947), has given the lower court some guidelines in change of name proceedings. On page 591, the court said this:

"In this Commonwealth an individual cannot change his name without permission of the appropriate court acting upon a petition complying with the statutory requirements. In granting or refusing the petition after due hearing and notice the court

has wide discretion. If there is 'lawful objection' to the granting of the petition it will be denied. If there is no such lawful objection the petition may be granted. Under certain circumstances a court even in the absence of lawful objection should deny such a petition."

And, on page 592, the court said this:

"Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency and fairness to all concerned and to the public."

Petitioner, by choice, has now adopted the life style of a woman, after having been married and being the father of two children. It is true that the name of the 14-year-old daughter would not be affected by the name change, since she is not under the care of petitioner, she living with her mother in an adjoining county. With the exception of the bodily changes from the hormone injections, petitioner in all other aspects remains a man. There is nothing illegal in petitioner desiring to live and dress as a woman and the court's opinion today will not change this in any way. However, there is no guarantee that petitioner will have the surgical corrective sex change later this year. Until the sex reassignment surgery is completed, I decline to exercise the court's discretion in favor of the name change.

The court is aware of several decisions in other States which have approved a name change, but in both cases the sex reassignment surgery had been completed: In re Anonymous, 293 N.Y. Supp. 2d 834, 57 Misc. 2d 813 (1968); In re Anonymous, 314 N.Y. Supp. 2d 668, 64 Misc. 2d 309 (1970).

In my judgment, for the court to permit a change of name at this time would not comport with good sense, common decency and fairness to all concerned, especially the public.

### ORDER

And now, February 2, 1978, after a hearing on January 18, 1978, the prayer of petitioner to change his name from Ivan Eugene Dowdrick to Mary Ellen Dowdrick is denied.